Upson, J.
J ohn Palmer was convicted, in the police court of the city of Cleveland, of selling twenty-seven packages of a substance having the semblance of butter, but not made wholly from pure cream or pure milk, and the packages not having painted, stamped or marked thereon the name of each article used or entering into the composition of the substance thus sold, in violation of the provisions of section 7090 of the revised statutes. Upon this conviction Palmer was sentenced to *238 pay a fine of fifty-dollars and costs. The judgment, of the police court was, on error, affirmed by the. court of common pleas, and the judgment of the latter court was affirmed by the district court. Palmer now asks leave to file a petition in error to reverse the judgment of the district court.
The defense made in the police court was founded upon the fact, which is shown by the record, that the substance sold by Palmer was manufactured under letters patent'issued by the » United States, and it is claimed that the section under which Palmer was convicted, so far as it applies to articles protected by such letters patent, is in conflict with the constitution and laws of the United States, and is therefore void.
The constitution of Ohio provides that private property shall ever be held inviolate, but subservient to the public welfare, and in vesting the legislative power of the State in the general assembly, full power is given, by the constitution, to enact such judicious and reasonable laws as, in the judgment of the legislature, may be necessary for the purpose of preventing any person from using his own property, or rights, in such a way as to injure the community, or individuals. This general power is subject only to the limitations imposed by the constitution of the State, or that of the United States, and within it is clearly included the right to regulate, or forbid, the sale of property to any extent that may be necessary to promote the public welfare.
It was therefore within the undoubted power of the legislature to prohibit the sale of substances having the semblance of butter or cheese, but not wholly made from pure cream or milk, unless each package of such substance should have painted, stamped or marked thereon, in the manner prescribed by the statute, the name of each article used in,’ or entering into, the composition of such substance; and this power is possessed by the legislature over the sale of articles protected by letters patent as well as of those not thus protected.
The patent laws of the United States give to inventors the exclusive right to their inventions, but do not give to them the right to disregard laws enacted to promote the welfare of the whole people. The State cannot discriminate against patented *239 articles by imposing upon their sale conditions and restrictions not placsd upon the sale of other similar articles; but the sale of all articles like those now under consideration, whether patented or not, may be restricted, regulated or forbidden, whenever the public good requires such restriction, regulation, or prohibition.
These principles have been recognized and illustrated in a number of cases decided by this court, and by the Supreme Court of the United States. Among the leading case are Jordan v. Overseers of Dayton, 4 Ohio, 295 State ex rel. v. Telephone Co., 36 Ohio St. 296; Patterson v. Kentucky, 97 U. S. 501; and Webber v. Virginia, 103 U. S. 344.
It is claimed, however, that laws regulating the sale of patented articles can be sustained only when they come fairly within the police powers of the State; that those powers extend only to regulations relating to the health, morals, good order and comfort of the people, and that the provisions of section 7090 are merely intended to prevent fraud. .The language of the act supplementary to section- 7090, passed April 26, 1881, shows very plainly that the design of the legislature in passing section 7090, as well as the supplementary section, was to prevent the sale of impure and unwholesome food, and that both sections therefore, come within the most narrow definition of police regulations. If it were conceded, however, that none of the substances described in section 7090 are positively injurious to health, we hold that the law is within the general powers possessed by the state. Those who buy food have a right to know what they buy, and to have the means of judging for themselves as to its quality and value.

"Motion overruled.